NALBANDIAN, Circuit Judge, concurring.
 

 I concur in the lead opinion, which accurately sets forth the governing law and, I believe, reaches the correct result under that law. Nevertheless, I am troubled by this case and write separately to explain why. To be clear, there is nothing admirable or praiseworthy, to say the least, about defendant Tamela Lee's conduct. Lee very plainly traded on her status as an elected official to receive remuneration in a way that certainly "looks" illegal. But the question here is whether what she did was illegal under federal (not state) law and whether she must serve significant time in federal prison for what she did. Although I concur with the lead opinion in this case, I express two specific reservations.
 

 First, the main question in this case is whether Lee received the relevant gifts in exchange for performing an "official act." There is no dispute that Lee herself did nothing official: she took no action that would fall under the official responsibilities or duties of a Summit County Council member. Instead, the government alleged that Lee agreed to influence the official acts of others with regard to a state criminal case and an IRS investigation. But trying to influence someone else's official acts and performing one's own official acts would seem to be entirely different.
 

 The government's theory, though arguably inconsistent with what the statutes actually say, is consistent with what the Supreme Court said in
 
 McDonnell v. United States
 
 , --- U.S. ----,
 
 136 S.Ct. 2355
 
 ,
 
 195 L.Ed.2d 639
 
 (2016), about the federal bribery statute,
 
 18 U.S.C. § 201
 
 . Namely, that a public official can be culpable if he attempted to exert pressure on a different public official to influence that public official in the performance of an official act.
 

 McDonnell
 
 ,
 
 136 S.Ct. at 2370
 
 . For that proposition, the
 
 McDonnell
 
 Court relies on its own decision in
 
 United States v. Birdsall
 
 ,
 
 233 U.S. 223
 
 ,
 
 34 S.Ct. 512
 
 ,
 
 58 L.Ed. 930
 
 (1914). But I question whether
 
 Birdsall
 
 should be read so broadly.
 

 Birdsall
 
 concerns a scheme involving two subordinate officers, appointed by the Commissioner of Indian Affairs, who accepted bribes in exchange for attempting to influence the Commissioner.
 

 Id.
 

 at 229
 
 ,
 
 34 S.Ct. 512
 
 . But
 
 Birdsall
 
 differs from this case in this important respect: in
 
 Birdsall
 
 , the subordinate officers were responsible for advising the Commissioner-the same person whom they sought to influence. Indeed, the Court explained that "by the regulations and established requirements of the Department of Interior [the officials] were charged with the duty of informing and advising the Commissioner of Indian Affairs" regarding the matters involved in the case.
 

 Id.
 

 at 228
 
 ,
 
 34 S.Ct. 512
 
 . And the Court stated that the public officials had been charged with receiving money "with the intent that their
 
 official action
 
 should be thus influenced."
 

 Id.
 

 at 230
 
 ,
 
 34 S.Ct. 512
 
 (emphasis added). Subordinates who must advise their superiors as part of their official duties are, in fact, performing "official acts."
 
 [1]
 

 The Court's holding in
 
 Birdsall
 
 does not support the much broader proposition that any public official who tries to influence another public official takes an "official act" herself, regardless of the relationship between the two officials. To say that Lee is positioned with respect to the IRS, for example, in the same way that the officials in
 
 Birdsall
 
 were positioned with respect to the Commissioner of Indian Affairs, is a stretch. Yet it appears to be a stretch that
 
 McDonnell
 
 permits.
 

 That leads to my second concern. Assuming that one reads the federal bribery statute broadly to encompass attempts to influence that are outside the scope of a defendant's official responsibilities, it would make sense to look for a limiting principle. Here, Lee suggests that a culpable public official must at least have some leverage over the public official that she is attempting to influence. Of course, there is nothing in the federal bribery statute that would require such leverage, but the statute does not seem to strictly prohibit one public official's attempts to pressure another public official into taking an official act, either. In effect, Lee's proposed leverage requirement would cabin the broad implications of the "influence" or "advice" theories generally.
 

 Nevertheless, as the lead opinion recognizes, the Supreme Court has not recognized a leverage requirement, leaving the broader implications of
 
 McDonnell
 
 in place. To be sure, the
 
 McDonnell
 
 Court rejected the even broader theories that the government tried to proffer with regard to the meaning of "official act." But in so doing, I believe, the Court left in place equally broad (and questionable) theories in the particular influence scenarios that this case addresses.
 

 The Court also noted that it was not necessary that the duties of the subordinates be "prescribed by a written rule or regulation."
 
 Birdsall
 
 ,
 
 233 U.S. at 231
 
 ,
 
 34 S.Ct. 512
 
 . Those "duties" could be "fixed" by "established usage which constituted the common law of the Department" or by "settled practice."
 
 Id
 
 . But that would make their actions no less official.